1  Joel E. Elkins (SBN 256020)
   jelkins@weisslawllp.com
2  **WEISS LAW**
   611 Wilshire Blvd., Suite 808
3  Los Angeles, CA 90017
   Telephone: (310) 208-2800
4  Facsimile: (310) 209-2348

5  *Counsel for Plaintiff*

6  [Additional Counsel in Signature Block]

7
                      **UNITED STATES DISTRICT COURT**
8                     **NORTHERN DISTRICT OF CALIFORNIA**

9  STEPHEN BUSHANSKY, derivatively on           Case No. 3:23-cv-01255-CRB
   behalf of Nominal Defendant FRESHWORKS
10 INC.,                                        **JOINT STIPULATION TO STAY
                                                DERIVATIVE ACTION**
11                Plaintiff,
                                                **[PROPOSED ORDER LODGED
12        vs.                                   CONCURRENTLY]**

13 RATHNA GIRISH MATHRUBOOTHAM,
   ROXANNE S. AUSTIN, JOHANNA
14 FLOWER, SAMEER GANDHI, RANDY
   GOTTFRIED, ZACHARY NELSON, BARRY
15 PADGETT, JENNIFER TAYLOR, and
   DENNIS WOODSIDE,
16
                  Defendants,
17
          and
18
   FRESHWORKS INC.,
19
                  Nominal Defendant.
20

Plaintiff Stephen Bushansky ("Plaintiff"), derivatively and on behalf of Freshworks Inc. ("Freshworks"), Defendants Rathna Girish Mathrubooham, Roxanne S. Austin, Johanna Flower. Sameer Ghandi, Randy Gottfried, Zachary Nelson, Barry Padgett, Jennifer Taylor, and Dennis Woodside (the "Individual Defendants") and Nominal Defendant Freshworks (together with the Individual Defendants, the "Defendants," and together with Plaintiff, the "Stipulating Parties") jointly submit this Stipulation to Temporarily Stay Derivative Action ("Stipulation") and in support thereof state as follows:

**WHEREAS**, on March 20, 2023, Plaintiff filed the above-captioned derivative action (the "Derivative Action") purportedly in the right of, and for the benefit of, Freshworks against the Individual Defendants seeking to remedy the Individual Defendants' alleged violations of federal securities laws and breaches of fiduciary duty that have allegedly caused substantial harm to Freshworks;

**WHEREAS**, no prior stipulation or request for an extension has been filed;

**WHEREAS**, there is substantial overlap between the facts and circumstances, including the relevance of many of the same documents and witnesses, alleged in the Derivative Action and a related federal securities class action filed on November 1, 2022, in this District Court, captioned *Sundaram v. Freshworks Inc., et al.*, Case No. 3:22-cv-06750-CRB (the "Securities Class Action");

**WHEREAS**, Freshworks and each of the Individual Defendants other than Dennis Woodside are also defendants in the Securities Class Action, together with Tyler Sloat, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities, Inc., Jefferies LLC, Barclays Capital Inc., Robert W. Baird & Co. Incorporated, Canaccord Genuity LLC, JMP Securities LLC, Needham & Company, LLC, Nomura Securities International, Inc., Oppenheimer & Co. Inc., Piper Sandler & Co., Raymond James & Associates, Inc., Amerivet Securities, Inc., Castleoak Securities, L.P., Samuel A. Ramirez & Company, Inc., and R. Seelaus & Co., LLC (all together, the "Securities Class Action Defendants");

**WHEREAS**, defendants in the Securities Class Action moved to dismiss the Securities Class Action on June 14, 2023, and, if amended complaints are filed therein, those defendants intend to file a motion to dismiss the amended complaint(s) as well;

1    **WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for the litigants, the Stipulating Parties have conferred regarding the Derivative Action and the status of the Securities Class Action and the appropriate next steps and have agreed that, in light of the overlap between the facts and circumstances in the Derivative Action and the Securities Class Action, the Derivative Action should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Class Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Class Action is denied in part or in full.

**NOW THEREFORE**, it is hereby stipulated and agreed by the Stipulating Parties, through their respective counsel of record, as follows:

1. All proceedings in the Derivative Action, including all deadlines, hearings, conferences, discovery, and Defendants' deadline to respond to the complaint, are stayed until the entry of an order denying in part or in full the motion to dismiss in the Securities Class Action, or a final order dismissing the Securities Class Action with prejudice, or until otherwise agreed to by the Parties, but subject to each Party's right (i) to move the Court to lift or extend the stay, and (ii) to oppose such motions to lift or extend the stay.

2. The Stipulating Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Action.  The Stipulating Parties agree that when a shareholder derivative action that properly belongs as part of this Derivative Action is hereinafter filed in this Court or transferred to this Court, Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly filed or transferred action.  The Stipulating Parties agree that Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court.  The Stipulating Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served

on Counsel for Plaintiff and on all Defendants. Unless otherwise ordered by the Court, the Stipulating Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

3. The Stipulating Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon thirty (30) days' notice in writing to the undersigned Counsel for Defendants via email.

4. While the Derivative Action is stayed and during the 12-month period that begins upon the termination of the stay, in the event that a mediation and/or formal settlement talks take place in regard to the Securities Class Action or any Related Derivative Action, Defendants will provide reasonable advance notice of, and shall make a good faith effort to include Plaintiff in the mediation and/or formal settlement talks; however, in the event that Plaintiff is not included in such a mediation, Defendants shall mediate and/or have formal settlement discussions with Plaintiff at or about the same time.

5. The Stipulating Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint, although the Stipulating Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

6. This Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

7. Upon occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto or (2) the denial of any motion to dismiss the Securities Class Action filed by the Federal Securities Class Action Defendants, or (3) any of the Stipulating Parties to this Stipulation has given a thirty (30) day notice that they no longer consent to the voluntary stay of the Derivative Action, then the Stipulating Parties shall notify the Court within fifteen (15) court days and shall, within thirty (30) days, meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Derivative Action.

8. Defendants shall notify Plaintiff should they become aware of any stockholder derivative lawsuit or pre-suit books-and-records inspection demands regarding the same allegations

1  made in the Derivative Action (each such derivative lawsuit or pre-suit books-and-records
2  inspection demand being a "Related Derivative Action").

3      9.    During the pendency of the stay, and subject to the prior execution of an appropriate
4  confidentiality agreement and/or protective order, the Defendants shall produce to Plaintiff copies
5  of any documents, written discovery, and deposition transcripts that the Defendants have produced,
6  or otherwise provided in any Related Derivative Action or to any Freshworks stockholder who
7  made a pre-suit books-and-records inspection demand regarding the same allegations made in this
8  Derivative Action, provided, however, that during the pendency of the stay, Plaintiff will not use
9  any such materials provided by the Defendants for any purpose besides settlement discussion and
10 that, at all times, unless a derivative action is subsequently filed that refers to or otherwise makes
11 use of the same or similar materials, Plaintiff will not use such materials for the purpose of
12 amending the Derivative Action complaint.

13     10.    The Stipulating Parties reserve all rights.

14
15 IT IS SO STIPULATED.

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: June 20, 2023 | **WEISS LAW** |
| 3 | | By: */s/ Joel E. Elkins* |
|   | **OF COUNSEL:** | Joel E. Elkins (SBN 256020) |
| 4 | **WEISS LAW** | 611 Wilshire Blvd., Suite 808 |
| 5 | David C. Katz | Los Angeles, CA 90017 |
|   | Mark D. Smilow | Telephone: (310) 208-2800 |
| 6 | 305 Broadway, 7th Fl. | Facsimile: (310) 209-2348 |
|   | New York, NY 10007 | E-mail: jelkins@weisslawllp.com |
| 7 | Telephone: (212) 682-3025 | |

Dated: June 20, 2023                                  **WEISS LAW**

By:   */s/ Joel E. Elkins*
       Joel E. Elkins (SBN 256020)

**OF COUNSEL:**

**WEISS LAW**
David C. Katz
Mark D. Smilow
305 Broadway, 7th Fl.
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: dkatz@weisslawllp.com
           msmilow@weisslawllp.com

Joshua M. Rubin
Jonathan Meer
4 Brighton Rd., Ste. 204
Clifton, NJ 07014
Email: jrubin@weisslawllp.com
           jmeer@weisslawllp.com

611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: (310) 208-2800
Facsimile: (310) 209-2348
E-mail: jelkins@weisslawllp.com

*Counsel for Plaintiff Stephen Bushansky*

Dated: June 20, 2023                                  **COOLEY LLP**

By:   */s/ Shannon M. Eagan*
       Patrick Gibbs (CA 183174)
       Shannon M. Eagan (CA 212830)

3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
pgibbs@cooley.com
seagan@cooley.com

*Attorneys for Defendants Freshworks Inc., Rathna Girish Mathrubootham, Roxanne S. Austin, Johanna Flower, Sameer Gandhi, Randy Gottfried, Zachary Nelson, Barry Padgett, Jennifer Taylor, and Dennis Woodside*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN BUSHANSKY, derivatively on behalf of Nominal Defendant FRESHWORKS INC., <br><br> Plaintiff, <br><br> vs. <br><br> RATHNA GIRISH MATHRUBOOTHAM, ROXANNE S. AUSTIN, JOHANNA FLOWER, SAMEER GANDHI, RANDY GOTTFRIED, ZACHARY NELSON, BARRY PADGETT, JENNIFER TAYLOR, and DENNIS WOODSIDE, <br><br> Defendants, <br><br> and <br><br> FRESHWORKS INC., <br><br> Nominal Defendant | Case No. 3:23-cv-01255-CRB <br><br> **[PROPOSED] ORDER RE JOINT STIPULATION TO STAY DERIVATIVE ACTION** |

Upon the *Joint Stipulation to Stay Derivative Action* submitted by the Parties to the above-captioned action (the "Derivative Action"), and for good cause appearing, the Court hereby ORDERS as follows:

1. All proceedings in the Derivative Action, including all deadlines, hearings, conferences, and Defendants' deadline to respond to the complaint, are stayed until the entry of an order denying in part or in full the motion to dismiss in the Securities Class Action (captioned *Sundaram v. Freshworks Inc., et al.*, Case No. 3:22-cv-06750-CRB (N.D. Cal.)), or a final order dismissing the Securities Class Action with prejudice, or until otherwise agreed by the Parties, but subject to each Party's right (1) to move the Court to lift or extend the stay, and (ii) to oppose such motions to lift or extend the stay.

2. This Order shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Action. When a shareholder derivative action that properly belongs as part of this Derivative Action is hereinafter filed in this Court or transferred to this Court, Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly filed or transferred action. Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this Order with the Court. Any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Counsel for Plaintiff and on all Defendants. The terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

3. If the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon thirty (30) days' notice in writing to Counsel for Defendants via email.

4. While the Derivative Action is stayed and during the 12-month period that begins upon the termination of the stay, in the event that a mediation and/or formal settlement talks take place in regard to the Securities Class Action or any Related Derivative Action, Defendants will

[~~PROPOSED~~] ORDER RE JOINT
STIP. TO STAY 3:23-CV-01255-CRB

provide reasonable advance notice of, and shall make a good faith effort to include Plaintiff in the mediation and/or formal settlement talks; however, in the event that Plaintiff is not included in such a mediation, Defendants shall mediate and/or have formal settlement discussions with Plaintiff at or about the same time.

5.     Notwithstanding this stay of this Derivative Action, Plaintiff may file an amended complaint, although the Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

6.     This Derivative Action shall be stayed, and no case management order issued, upon entry of this Order.

7.     Upon occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto, or (2) the denial of any motion to dismiss the Securities Class Action filed by the Federal Securities Class Action Defendants, or (3) any of the Parties has given a thirty (30) day notice that they no longer consent to the voluntary stay of the Derivative Action, then the Parties shall notify the Court within fifteen (15) court days and shall, within thirty (30) days, meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Derivative Action.

8.     Defendants shall notify Plaintiff should they become aware of any stockholder derivative lawsuit or pre-suit books-and-records inspection demands regarding the same allegations made in the Derivative Action (each such derivative lawsuit or pre-suit books-and-records inspection demand being a "Related Derivative Action").

9.     During the pendency of the stay, and subject to the prior execution of an appropriate confidentiality agreement and/or protective order, the Defendants shall produce to Plaintiff copies of any documents, written discovery, and deposition transcripts that the Defendants have produced, or otherwise provided in any Related Derivative Action or to any Freshworks stockholder who made a pre-suit books-and-records inspection demand regarding the same allegations made in this Derivative Action, provided, however, that during the pendency of the stay, Plaintiff will not use any such materials provided by the Defendants for any purpose besides settlement discussion and that, at all times, unless a derivative action is subsequently filed that refers to or otherwise makes

1  use of the same or similar materials, Plaintiff will not use such materials for the purpose of
2  amending the Derivative Action complaint.
3      IT IS SO ORDERED.
4
5  Dated: June 21, 2023
                                        Hon. Charles R. Breyer
                                        United States District Judge