COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Attorneys for Defendants
Freshworks Inc., Rathna Girish Mathrubootham,
Roxanne S. Austin, Johanna Flower, Sameer Gandhi,
Randy Gottfried, Zachary Nelson,
Barry Padgett, Dennis Woodside, and Jennifer Taylor

[Additional Counsel in Signature Block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY, derivatively on behalf of Nominal Defendant FRESHWORKS INC., <br><br> Plaintiff, <br><br> vs. <br><br> RATHNA GIRISH MATHRUBOOTHAM, ROXANNE S. AUSTIN, JOHANNA FLOWER, SAMEER GANDHI, RANDY GOTTFRIED, ZACHARY NELSON, BARRY PADGETT, JENNIFER TAYLOR, and DENNIS WOODSIDE, <br><br> Defendants, <br><br> and <br><br> FRESHWORKS INC., <br><br> Nominal Defendant. | Case No. 3:23-cv-01255-CRB <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER TO EXTEND STAY** <br><br> Judge: Hon. Charles R. Breyer |

1    Plaintiff Stephen Bushansky ("Plaintiff"), derivatively and on behalf of Freshworks Inc.
2    ("Freshworks"), Defendants Rathna Girish Mathrubootham, Roxanne S. Austin, Johanna Flower,
3    Sameer Gandhi, Randy Gottfried, Zachary Nelson, Barry Padgett, Jennifer Taylor, and Dennis
4    Woodside (the "Individual Defendants") and Nominal Defendant Freshworks (together with the
5    Individual Defendants, "Defendants," and all together with Plaintiff, the "Stipulating Parties")
6    jointly submit this Stipulation to Temporarily Stay Derivative Action ("Stipulation") and in support
7    thereof state as follows:

8    WHEREAS, on March 20, 2023, Plaintiff filed the above-captioned derivative action (the
9    "Derivative Action");

10   WHEREAS, there is substantial overlap between the facts and circumstances, including the
11   relevance of many of the same documents and witnesses, alleged in the Derivative Action and those
12   alleged in a related federal securities class action filed on November 1, 2022, in this District Court,
13   captioned *Sundaram v. Freshworks Inc., et al.*, Case No. 3:22-cv-06750-CRB (the "Securities Class
14   Action");

15   WHEREAS, Freshworks and each of the Individual Defendants other than Dennis
16   Woodside are also defendants in the Securities Class Action, together with Tyler Sloat, Morgan
17   Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities, Inc., Jefferies LLC, Barclays
18   Capital Inc., Robert W. Baird & Co. Incorporated, Canaccord Genuity LLC, JMP Securities LLC,
19   Needham & Company, LLC, Nomura Securities International, Inc., Oppenheimer & Co. Inc., Piper
20   Sandler & Co., Raymond James & Associates, Inc., Amerivet Securities, Inc., Castleoak Securities,
21   L.P., Samuel A. Ramirez & Company, Inc., and R. Seelaus & Co., LLC (all together, the "Securities
22   Class Action Defendants");

23   WHEREAS, on June 14, 2023, the Securities Class Action Defendants filed a motion to
24   dismiss the Securities Class Action complaint;

25   WHEREAS, on June 20, 2023, the Stipulating Parties filed a stipulation to stay the
26   Derivative Action until either (i) the Securities Class Action is dismissed, with prejudice, and all
27   appeals related thereto have been exhausted; or (ii) the anticipated motion to dismiss the Securities
28   Class Action is denied in part or in full, which the Court granted on June 21, 2023 (Dkt. Nos. 24-

25);

WHEREAS, on September 28, 2023, the Court granted in part and denied in part the Securities Class Action Defendants' motion to dismiss;

WHEREAS, following the Court's denial in part of the motion to dismiss in the Securities Class Action, the Stipulating Parties met and conferred regarding efficient and effective case management;

WHEREAS, under the circumstances of the Derivative Action, the interests of judicial economy and efficiency and the interests of all parties would best be served by (i) deferring all proceedings and continuing all responsive dates in the Derivative Action until the close of all discovery in the Securities Class Action; and (ii) providing Plaintiff all discovery generated in the Securities Class Action, subject to an appropriate protective order; and

WHEREAS, the parties believe that the above approach strikes an appropriate balance of ensuring the efficient and effective management of this Derivative Action, while also ensuring that Plaintiff remains actively involved in pursuing his derivative claims, including by continuing to analyze relevant facts revealed through discovery in the Securities Class Action, without jeopardizing Defendants' defense in the Securities Class Action.

NOW THEREFORE, the parties hereby STIPULATE and AGREE as follows, through their undersigned counsel:

1. All proceedings in this Derivative Action will remain stayed until the close of all discovery in the Securities Class Action.

2. The Stipulating Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Action. The Stipulating Parties agree that when a shareholder derivative action that properly belongs as part of this Derivative Action is hereinafter filed in this Court or transferred to this Court, Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly filed or transferred action. The Stipulating Parties agree that Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly filed or transferred

shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court. The Stipulating Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Counsel for Plaintiff and on all Defendants. Unless otherwise ordered by the Court, the Stipulating Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

3. While the Derivative Action is stayed and during the 12-month period that begins upon the termination of the stay, in the event that a mediation and/or formal settlement talks take place in regard to the Securities Class Action or any Related Derivative Action, Defendants will provide reasonable advance notice of, and shall make a good faith effort to include Plaintiff in the mediation and/or formal settlement talks; however, in the event that Plaintiff is not included in such a mediation, Defendants shall mediate and/or have formal settlement discussions with Plaintiff at or about the same time.

4. The Stipulating Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint, although the Stipulating Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

5. Defendants shall notify Plaintiff should they become aware of any stockholder derivative lawsuit or pre-suit books-and-records inspection demands regarding the same allegations made in the Derivative Action (each such derivative lawsuit or pre-suit books-and-records inspection demand being a "Related Derivative Action").

6. Subject to entry by the Court of an appropriate protective order to which Plaintiff must agree to be bound, Defendants will provide Plaintiff, concurrently with any production (formal or informal) in the Securities Class Action: (i) copies of all documents and written responses to discovery requests produced to the Securities Class Action plaintiffs in the form and manner in which such documents are produced to plaintiffs in the Securities Class Action; (ii) any written agreements regarding the scope of discovery in the Securities Class Action; and (iii) all

deposition transcripts. This stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery.

7. Plaintiff agrees not to use the existence of this stipulation, the substance of any documents or discovery produced pursuant to this stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to this stipulation to supplement or amend Plaintiff's allegations of demand futility in the Verified Stockholder Derivative Complaint (Dkt. No. 3) or as support for any argument that Plaintiff is entitled to use the documents or information to supplement or amend allegations of demand futility in any amended complaint.

8. Plaintiff shall have until forty-five (45) days after the close of all discovery in the Securities Class Action to file an amended complaint. Defendants shall have ninety (90) days from the close of discovery in the Securities Class Action to answer, move, or otherwise respond to an amended complaint if one is filed. Plaintiff shall have thirty (30) days from the date Defendants' response is served to move or respond to any answer or to oppose any motion. Defendants shall have thirty (30) days to serve their reply papers in support of any motion.

9. The stay in the Derivative Action may be lifted upon motion of any Stipulating Party or by stipulation of the Stipulating Parties, or as otherwise ordered by this Court. The Stipulating Parties further agree that if the plaintiff in any related derivative action refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendant via email.

10. The Stipulating Parties reserve all rights.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: October 13, 2023

**OF COUNSEL:**

**WEISS LAW**
David C. Katz
Mark D. Smilow
305 Broadway, 7th Fl.
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: dkatz@weisslawllp.com
msmilow@weisslawllp.com

Joshua M. Rubin
Jonathan Meer
4 Brighton Rd., Ste. 204
Clifton, NJ 07014
Email: jrubin@weisslawllp.com
jmeer@weisslawllp.com

*Counsel for Plaintiff Stephen Bushansky*

Dated: October 12, 2023

**WEISS LAW**

By: */s/ Joel E. Elkins*
Joel E. Elkins (SBN 256020)
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: (310) 208-2800
Facsimile: (310) 209-2348
E-mail: jelkins@weisslawllp.com

**COOLEY LLP**

*/s/ Shannon M. Eagan*
Patrick Gibbs (183174)
Shannon M. Eagan (212830)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
pgibbs@cooley.com
seagan@cooley.com

*Attorneys for Defendants Freshworks Inc., Rathna Girish Mathrubootham, Roxanne S. Austin, Johanna Flower, Sameer Gandhi, Randy Gottfried, Zachary Nelson, Barry Padgett, Jennifer Taylor, and Dennis Woodside*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 16, 2023          By: _____
                                     Hon. Charles R. Breyer
                                     United States District Court Judge

**ATTESTATION PURSUANT TO CIV. L.R. 5-1(I)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: October 13, 2022          /s/ *Shannon M. Eagan*
                                 Shannon M. Eagan